IN THE

## SUPREME COURT

OF THE

## STATE OF LOUISIANA.

WESTERN DISTRICT AUGUST TERM, 1826.

### BAYON vs. TOWLES.

APPEAL from the court of the fifth district.

MARTIN, J. delivered the opinion of the court.

The defendant resists the payment of a note he gave the plaintiff for the price of a slave, on the ground that the sale ought to be rescinded, because the slave was, at the time of the sale, in the knowledge of the Plaintiff, addicted to robbery and stealing, and in the habit of running away. There was judgment against the plaintiff: he appealed.

We cannot find on the record any proof of the slave being addicted to robbery or stealing; but it clearly appears he was in the ha-

*The vendee is estopped from asserting that the slave's habit of running away, was disclosed to him as a qualified vice, whilst the deed contains an averment that it was stated as an absolute vice.*

Vol. V. N. S.      1

West'in Ds't.
*August,* 1826.

BAXON
*vs*
TOWLES.

bit of running away, in the knowledge of the vendor.

The bill of sale was executed for the vendor, who resided at Donaldsonville, by an agent of his, in New-Orleans, and expressly states the slave to be sold as " a runaway " and drunkard." But the defendant shews that the plaintiff, in Donaldsonville, represented to him (with the view to induce the acceptance of a bill of sale, without a warranty of the disposition to run away) that the slave was only in the habit of absenting himself for a short period, and afterwards returning of his own accord, and never wandered to any great distance ; while said slave during the time he was in the vendor's possession, ran away and wandered as far as the Choctaw nation of Indians, and did not return of his own accord, but was seized and brought back.

This case is endeavored to be assimilated to that of *Macarty* vs *Bagnieret,* 1 *Martin,* 149—in which the superior court of the late Territory held that the vendor having failed to disclose the disposition of the slave to

run away, the clause of warranty, although formally excluded, was fraudulently so, and the vendor was liable.

In the present case, if it appeared that the disposition to run away was clearly misrepresented, the vendor should not recover ; but it does not follow, from the circumstance of the representation at Donaldsonville, that the defendant was led into an error—for the bill of sale expressly states the slave to be sold as " a runaway," *i. e.* as one with the disposition to run away, which gives a right to the resolution of the sale—not as having the disposition to loiter around the house of his owner for a while, and then return, which the vendor called *petit marronage,* " a small runaway."

All the oral representations, which preced-ed the contract, must be merged in the solemn and authentic declaration contained in the deed of sale, and while by that document, the vendee acknowledges that he was put on his guard by the positive declaration of the person he contracted with, that the slave sold was a runaway, in the sense of that expres-

4

sion which excluded any recompense on that account, he cannot be permitted to say he acted under an impression received from anterior conversations with the vendor, directly in contradiction with the absolute and formal assertions on record—which must control every anterior and verbal one.

The vendor cannot be listened to, when he asserts that the habit of running away was disclosed to him as a qualified one, while he has acknowledged, under his hand, before a notary and two witnesses, that the vendor informed him of an absolute and unqualified running away.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed; and that the plaintiff recover the sum of fifteen hundred dollars, with interest at the rate of five per cent. per year, from the twenty-third of March, one thousand eight hundred and twenty two, until paid; and that the slave, being mortgaged, be sold for this purpose. The defendant paying costs in both courts.

*Simon & Bowen* for the plaintiff. *Baker & Brownson* for the defendant.